**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ARIANA MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. |
| | ) |
| CST INDUSTRIES, INC., | ) |
| Serve:  Corporation Service Company | ) |
| Registered Agent | ) |
| 1100 SW Wanamaker Rd., Suite 103 | ) |
| Topeka, KS 66604 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Ariana Miller ("Plaintiff"), for her complaint against CST Industries, Inc. ("CST" or "Defendant"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Arma, Kansas. She is a former employee of Defendant CST, where she worked at Defendant's facility in Parsons, Kansas

2. CST is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Kansas City, MO. It can be served via its registered agent, Corporation Service Company, at 1100 SW Wanamaker Road, Suite 103, Topeka, KS 66604.

3. Plaintiffs' claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Kansas.

1

**FACTUAL BACKGROUND**

5.      Around August 2023, Plaintiff was hired to work as a Quality Manager at CST's facility in Parsons, Kansas.

6.      Beginning in the fall of 2023, Plaintiff was subjected to frequent sexual harassment by a Production Supervisor at the facility, David Wilson.

7.      Plaintiff was distressed not only by Wilson's unwanted physical advances and comments, but also by the fact that Wilson was close friends with the plant manager, Steve Trimble. That friendship made Plaintiff concerned that even if she reported Wilson, nothing would be done.

8.      Plaintiff ultimately did report Wilson's harassment to Trimble, but no corrective action was taken for months as Wilson appeared to dismiss her complaints.

9.      Ultimately in or around June 2024, Wilson's escalating sexual harassment and other misconduct led CST to terminate his employment.

10.     Following Wilson's termination, Trimble and CST's Controller, Jene Shields, appeared to blame Plaintiff for Wilson's termination and seemed to begin pushing her out.

11.     In late September 2024, Plaintiff reported to HR that she believed Trimble and Shields blamed her for Wilson's termination and were retaliating against her for her prior reports of Wilson's sexual harassment.

12.     Rather than investigate Plaintiff's report of retaliation, HR seemingly decided to investigate Plaintiff.

13.     In the summer of 2024, prior to Plaintiff's report of retaliation, she had received praise from company leadership for her good work turning her department around and achieving

much better results on an audit than her division had received in past years. Plaintiff also received a good performance review in August 2024.

14.     At the end of October 2024, about a month after her report of retaliation and two months after her good performance review, CST terminated Plaintiff's employment. Plaintiff was told that an investigation conducted after her report of retaliation revealed that her colleagues did not like working with her.

15.     ***Exhaustion of Administrative Remedies.*** On December 3, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Defendant retaliated against her in violation of Title VII and discriminated against her on the basis of her sex.

16.     June 26, 2025, the EEOC issued Plaintiff a Notice of Right to Sue.

## COUNT I: TITLE VII RETALIATION

17.     Plaintiff incorporates herein the allegations set forth above.

18.     Plaintiff is a former employee of Defendant CST.

19.     In the course of her employment, Plaintiff engaged in protected activity when she reported sexual harassment by a manager to her plant leadership, and when she reported concerns that she was being retaliated against as a result of her protected activity to HR in September 2024.

20.     Defendant terminated Plaintiff's employment on or around October 30, 2024, roughly a month after her report to HR.

21.     At the time of her termination, Plaintiff had no issues with her performance that would have justified the termination, and in fact had a strong performance review just two months before the decision.

22.    The timing and circumstances of Plaintiff's termination, create an inference that Plaintiff's termination was a result of unlawful retaliation for her protected activity.

23.    Defendant's retaliatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety emotional distress, humiliation, embarrassment, and frustration.

24.    Defendant's retaliatory conduct was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employers from engaging in similar conduct.

WHEREFORE Plaintiff Ariana Miller respectfully requests that the Court enter judgment in her favor on Count I and against Defendant CST Industries, for damages to be proven at trial, for reasonable attorneys' fees and expenses, and for such other relief as the Court deems just and proper under the circumstances.

## COUNT II: TITLE VII SEX DISCRIMINATION

25.    Plaintiff incorporates herein the allegations set forth above.

26.    Plaintiff is a former employee of Defendant CST.

27.    Plaintiff is female, a member of a protected class.

28.    In the course of her employment, Plaintiff was repeatedly sexually harassed and subjected to unwanted sexual contact by a managerial employee, and her complaints about the harassment were largely brushed off.

29.    At the time of her termination, Plaintiff had no issues with her performance that would have justified the termination, and in fact had a strong performance review just two months before the decision.

30. CST told Plaintiff it was terminating her despite strong performance because some subordinates saw her as difficult to work with, traits that are often coded as "taking charge" for men, but coded as "overly aggressive" for women in leadership.

31. The timing and circumstances of Plaintiff's termination, following a lengthy period of sexual harassment and for stated reasons that are often lauded in men, give rise to an inference that Plaintiff's termination was a result of unlawful sex discrimination and stereotyping.

32. Defendant's discriminatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety emotional distress, humiliation, embarrassment, and frustration.

33. Defendant's discriminatory conduct was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employers from engaging in similar conduct.

WHEREFORE Plaintiff Ariana Miller respectfully requests that the Court enter judgment in her favor on Count II and against Defendant CST Industries, for damages to be proven at trial, for reasonable attorneys' fees and expenses, and for such other relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests the trial be held in Kansas City, Kansas.

**HKM EMPLOYMENT ATTORNEYS, LLP**

By:     */s/ Kevin A. Todd*
        Kevin A. Todd,              KS 78998
        ktodd@hkm.com
        John J. Ziegelmeyer III,    KS 23003
        jziegelmeyer@hkm.com
        Brad K. Thoenen,            KS 24479
        bthoenen@hkm.com
        W. Glenn Winfrey
        gwinfrey@hkm.com            KS 79229
        1600 Genessee St., Suite 754
        Kansas City, Missouri 64102
        816.301.5430

        ATTORNEYS FOR PLAINTIFF

6