**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ARIANA MILLER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CST INDUSTRIES, INC.,**<br><br>**Defendant.** | **Case No. 2:25-cv-02511-JAR-JBW** |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Ariana Miller's Motion for Leave to File a Sur-Reply in Further Opposition to Defendant's Motion for Summary Judgment (Doc. 55). The motion is fully briefed, and the Court is prepared to rule. As described below, the motion is granted.

## I. Background

In this case, Plaintiff brings discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII") against her former employer, Defendant CST Industries, Inc., arising out of her termination on October 31, 2024. Plaintiff alleges Defendant wrongfully terminated her employment because of her sex and retaliated against her for her prior reports of sexual harassment in the workplace, in violation of Title VII. Defendant contends that it terminated Plaintiff because she failed to improve her leadership and communication abilities.

To support its contention on summary judgment, Defendant asserted that Plaintiff made her coworker—Kylie Harper—feel used and manipulated, among other things, but Harper kept quiet in fear of retaliation by Plaintiff.[1] Defendant cited to an attachment marked as Exhibit X—

[1] Doc. 45 ¶¶ 152–56.

an unsigned handwritten text which Defendant contends Harper wrote—to support these allegations.[2] Plaintiff's opposition brief denied Defendant's factual contentions "as unsupported by the cited evidence, as it is unclear what Exhibit X is, who wrote it, or why."[3] Defendant's reply thereafter supplemented Exhibit X with Harper's sworn declaration that she "wrote and submitted the attached written statement to CST about working with Ariana Miller."[4] Plaintiff now seeks leave to file a surreply to respond to Harper's sworn declaration.

## II. Standard

"Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response, and a reply. Surreplies typically are not allowed."[5] Surreplies require leave of court and are only granted under "rare circumstances."[6] Nonetheless, the nonmoving party on summary judgment "should be given an opportunity to respond to new material raised for the first time in the movant's reply."[7] Alternatively, the Court can disregard new material raised in the reply when reaching its decision.[8] New "material" includes both evidence and legal arguments.[9] However, "[a] reply which merely responds to matters placed in issue by the response, and 'does not spring upon the opposing party new reasons for the entry of summary judgment' is entirely proper."[10] "[A] reply 'may properly highlight the deficiencies' in

---

[2] Doc. 45-25.

[3] Doc. 47 ¶¶ 152–54, 156.

[4] Doc. 53-4.

[5] *COPE v. Kan. State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1238 (D. Kan. 2014).

[6] *Id.* (quoting *Humphries v. Williams Nat. Gas Co.*, No. 96–4196–SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998)).

[7] *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

[8] *Id.*

[9] *Id.*

[10] *Vonlintel v. Eagle Commc'ns, Inc.*, No. 14-4125-KHV, 2015 WL 5093271, at *1 (D. Kan. Aug. 28, 2015) (quoting *Stevens v. Water Dist. One*, 561 F. Supp. 2d 1224, 1232 (D. Kan. 2008)).

a response 'without opening the door to additional pleadings.'"[11] The "reply serves its purpose when it responds 'to matters placed in issue by the response,' rather than providing new legal arguments."[12]

## III. Discussion

Defendant argues that its position that Harper wrote Exhibit X in the reply is not a new argument, thus it does not warrant a surreply. Defendant contends that "CST identified Harper as the document's author in its prior briefing, and Plaintiff elected to respond only on procedural grounds," rather than substantive grounds.[13] The Court disagrees.

Plaintiff did not respond on merely "procedural grounds." Plaintiff objected to the admission of Exhibit X. And Defendant did not simply respond to Plaintiff's objections in her response; it presented a new exhibit authenticating Exhibit X. Harper's sworn declaration is new material raised in Defendant's reply; the declaration never appeared in prior briefing. This new material warrants allowing Plaintiff to substantively respond. Thus, because the reply provided new material, the Court grants Plaintiff leave to file the proposed surreply which addresses that limited issue.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion For Leave to File a Sur-Reply in Further Opposition to Defendant's Motion For Summary Judgment (Doc. 55) is granted. Plaintiff shall file forthwith the proposed surreply attached to its motion.

---

[11] *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 904 (D. Kan. 2021) (quoting *Carter v. Spirit Aero Sys., Inc.*, No. 16-1350-EFM, 2019 WL 3732684, at *12 (D. Kan. Aug. 8, 2019)).

[12] *Id.* at 905 (alteration omitted) (quoting *Carter*, 2019 WL 3732684, at *12).

[13] Doc. 56 at 2–3.

**IT IS SO ORDERED.**

Dated: October 14, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE